**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RELATIVITY FASHION, LLC, *et al.*, | Case No. 15-11989 (MEW) |
| Debtors.[1] | (Jointly Administered) |

**ORDER DISMISSING CHAPTER 11 CASES**

Upon the *Motion of the United States Trustee for an Order Converting These Cases to Cases Under Chapter 7 of the Bankruptcy Code or, Alternatively, Dismissing These Cases* [Case No. 15-11989-MEW, Docket No. 2330] (the "**Motion**")[2]; the Court having reviewed the Motion; the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; the Court having found that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; the Court having previously deferred the Motion on the grounds that (1) all assets of the prior estates had vested in the reorganized debtors and/or in the Relativity Liquidating Trust that was established under the confirmed plan of reorganization, so that there would be no assets that would be delivered to a trustee if the case were converted to a case under chapter 7, and (2) it did not appear that a dismissal was in the interest of creditors because the confirmed plan of reorganization could not be revoked pursuant to section 1144 of the Bankruptcy Code and because there were still claims against the Relativity Liquidating Trust that

[1] The Debtors in the above-captioned jointly administered chapter 11 cases are set forth in the *Order Authorizing the Joint Administration of the Debtors' Related Chapter 11 Cases* [Docket No. 36] (the "**Joint Administration Order**"), which Debtors are different from the entities that commenced chapter 11 cases on May 3, 2018 that are being jointly administered under the case captioned *In re Relativity Media, LLC, et al.*, Case No. 18-11358 (MEW) (the "**2018 Cases**").

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

remained unresolved; and it now appearing that all claims by and against the liquidating trust have been resolved, and that any unpaid administrative and priority claims from these cases will be dealt with in the more recently filed 2018 Cases; the Court having therefore determined that the relief set forth in this Order is in the best interests of the Debtors, their estates, their creditors and other parties in interest; it appearing that proper and adequate notice of the Motion has been given and that, except as otherwise ordered herein, no other or further notice is necessary; after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion is GRANTED to the extent set forth herein.

2. The above-captioned chapter 11 cases (collectively, the "**Chapter 11 Cases**") are hereby dismissed pursuant to section 1112(b) of the Bankruptcy Code and a docket entry shall be made in each of the Chapter 11 Cases that reflects the entry of this Order.

3. For the avoidance of doubt, the dismissal of these Chapter 11 Cases:

(a) shall not reinstate (i) any proceeding or custodianship superseded under section 543 of the Bankruptcy Code, (ii) any transfer avoided under sections 522, 544, 545, 547, 548, 549, or 724(a) of the Bankruptcy Code, or preserved under sections 510(c)(2), 522(i)(2), or 551 of the Bankruptcy Code; or (ii) any lien avoided under section 506(d) of the Bankruptcy Code;

(b) shall not vacate any order, judgment, or transfer ordered, under section 522(i)(1), 542, 550, or 553 of the Bankruptcy Code; and

(c) shall not revest the property of the estate in the entity in which such property was vested immediately before the commencement of these Chapter 11 Cases.

4. All orders, rulings, and judgments entered in these Chapter 11 Cases shall remain in full force and effect and shall be unaffected by the dismissal of the Chapter 11 Cases.

5. For the avoidance of doubt, this Order shall not result in the dismissal of and shall not otherwise affect the 2018 Cases or the Relativity Liquidating Trust in any respect.

6. Subject to the terms of the *Debtors' and the Creditors' Committee's Second Amended Joint Plan of Liquidation under Chapter 11 of the Bankruptcy Code* (the "**2018 Plan**") [2018 Cases, Docket No. 633], the *Findings of Fact, Conclusions of Law, and Order Confirming Debtors' and Creditors' Committee's Second Amended Plan of Liquidation under Chapter 11 of the Bankruptcy Code* (the "**2018 Confirmation Order**") [2018 Cases, Docket No. 689], and the Liquidating Trust Agreement (the "**Trust Agreement**") [as defined in the 2018 Plan and 2018 Confirmation Order] in the 2018 Cases, and in accordance with the rights, duties and obligations of the Trust and trustee of the Trust (the "**Trustee**") thereunder, the Trustee shall review any claims or causes of action that may have arisen following the Effective Date of the 2016 Plan that are now property of the Trust.

7. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation or implementation of this Order.

Dated: New York, New York
April 10, 2019

s/Michael E. Wiles

THE HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE